UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PIERRE LOGAN, ) | Case Nos.: 5:16 CV 1474 |
| ) | 5:14 CR 415 |
| Petitioner ) | |
| ) | |
| v. ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Petitioner Pierre Logan's ("Petitioner" or "Logan") Motion to Vacate Sentence under 28 U.S.C. § 2255 ("§ 2255 Petition"). (ECF No. 1 in Case No. 5:16 CV 1474; ECF No. 29 in Case No. 5:14 CR 415.)[1] For the following reasons, the court denies Logan's § 2255 Petition.

## I. BACKGROUND

On November 18, 2014, Petitioner was charged in an Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). (Indictment, ECF No. 1.) On March 24, 2015, Petitioner pled guilty to Count I of the Indictment, without a plea agreement. (Mins. of Proceedings, 03/24/2015.) On June 18, 2015, the court sentenced Petitioner to a term of imprisonment of 80 months and a three-year supervised release term. (Mins. of Proceedings, ECF No. 22.) The court entered Judgment (J., ECF No. 19) on June 19, 2015. According to the Final Presentence Report prepared by the probation officer, Logan's base offense level was 24, and his final offense level computation was set at 23. (Final Presentence Rep. ¶¶ 11–20.) The base offense

---

[1] All future citations will reflect the document numbers in Case No. 5:14 CR 415.

level was calculated based upon Logan's prior convictions for sexual battery and abduction and robbery, each of which constituted a "crime of violence" under U.S.S.G. § 2K2.1(a)(2). (*Id.* at ¶ 11.) At the sentencing hearing, the court disagreed with the Pretrial Services and Probation Office that Logan's sentence should be enhanced for possession of a stolen firearm, but it agreed that his sentence should be enhanced for his previous "crimes of violence." (Sentencing Tr. 39:7–47:17, ECF No. 28.) The court determined that Logan's final offense level was 21, with a criminal history category of VI. (*Id.* at 44:21–45:3.) Logan did not appeal the court's sentence.

On June 14, 2016, Logan filed the instant § 2255 Petition, asserting five claims for relief. (Pet., ECF No. 29.) First, he argues that the term "crime of violence" as used in U.S.S.G. § 2K2.1 violates the Due Process Clause in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). (*Id.* at 3–5.) Second, Logan argues that his prior convictions for sexual battery and abduction count as a single sentence. (*Id.* at 5–6.) Third, he argues that his prior conviction for robbery does not constitute a "crime of violence" under the Guidelines. (*Id.* at 6–11.) Fourth, he also argues that his prior conviction for sexual battery does not constitute a "crime of violence." (*Id.* at 11–15.) Fifth, Logan argues that his trial counsel provided ineffective assistance by failing to raise a challenge to Logan's career offender status under *Johnson*. (*Id.* at 15–17.) The United States filed a Response in Opposition. (Resp., ECF No. 32.)

## II. LEGAL STANDARD

Section 2255, Title 28 of the United States Code, allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255 (2014). Collateral relief,

however, is limited, and "[o]nce [a] defendant's chance to appeal has been waived or exhausted...we are entitled to presume he stands fairly and finally convicted" and "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 164–65 (1982). Generally, to prevail on a § 2255 motion alleging a constitutional error, the petitioner must show an error of constitutional magnitude, which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *see also Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000) (confirming that the *Brecht* standard applies in § 2255 actions, as well as § 2254 actions). On collateral review, it is the movant's burden to establish his right to relief. *See McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003).

### III. LAW AND ANALYSIS

#### A. *Johnson* Claim

In his § 2255 Petition, Logan first argues that because his base offense level was increased under § 2K2.1 based on two "crimes of violence," and because the definition of "crime of violence" is "identically worded" to the residual clause in *Johnson*, his sentence violates the Due Process Clause and must now be vacated. (Pet. 3–5; *see* U.S.S.G. § 4B1.2(a) (defining "crime of violence").) Petitioner's argument fails for two reasons.

First, in *Johnson*, the U.S. Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), as unconstitutionally vague. 135 S. Ct. at 2553. The ACCA imposed an increased prison term upon a defendant with three prior convictions of a "violent felony." *Id.* But the Court in *Johnson* did not address any other provisions in the ACCA, nor did it address any provisions under the United States Sentencing Guidelines.

Second, the Court recently addressed the argument that *Johnson* applies to U.S.S.G.

-3-

§ 4B1.1(a) in *Beckles v. United States*, 137 S. Ct. 886 (2017). The Court concluded that the U.S. Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause because they "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence." *Id.* at 892–94. Specifically, the Court held that *Johnson* is inapplicable to the career-offender provisions of the Guidelines. *See id.* at 894. In light of *Beckles*, the court finds that Logan's *Johnson* claim must be denied and that his § 2255 Petition cannot be granted on this ground.

### B. Sexual Battery and Abduction Count as One Offense

Next, Logan argues that his prior conviction for sexual battery and abduction should count only as a single offense toward the "career offender" enhancement. (Pet. 5–6.)

Petitioner is correct that, under U.S.S.G. § 4A1.2(a)(2), his convictions for sexual battery and abduction count as a single offense because there was no intervening arrest, they were charged in the same indictment, and he was sentenced for both crimes on the same day. (Pet. Ex. A; *see* U.S.S.G. § 4A1.2(a)(2) ("If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.").) However, the court did not rely on Logan's conviction for abduction apart from his conviction for sexual battery when it applied the career offender enhancement, (*see* Sentencing Tr. 39:7–41:3), and Logan does not point to anything in the record to suggest that the court improperly considered the abduction conviction in determining Logan's sentence. Further, as discussed below, the court may rely on either sexual battery or abduction when conducting a crime-of-violence inquiry under the Guidelines.

4

## C. Petitioner's Prior Crimes as Qualifying "Crimes of Violence"

Logan next argues that neither of his prior crimes, robbery and sexual battery, constitute "crimes of violence," as defined under § 4B1.2(a)(1) of the Guidelines. The Guidelines define a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year" that falls under one of the following clauses:

> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The Guidelines' Commentary elaborates on this section by explaining that a crime constitutes a "crime of violence" if: (1) it "includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling"; (2) it "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (3) it involves use of explosives; or (4) it "by its nature, presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2 cmt. n.1.

### 1. Robbery

Logan argues that his robbery conviction cannot constitute a "crime of violence" because the violation of the Ohio robbery statute, Ohio Rev. Code § 2911.01(A)(1), does not fall under the enumerated felony clause or the elements clause. Further, Logan relies on his *Johnson* claim to argue that this conviction cannot fall under the residual clause.[2]

---

2   Logan also argues that the Ohio robbery statute lacks a *mens rea* element, as required by the ACCA. (Pet. 9–10.) But Logan was not sentenced under the ACCA, and courts have not found that crimes of violence within the meaning of U.S.S.G. § 4B1.2(a)(1) must contain a *mens rea* element.

5

However, the court finds that Logan's robbery conviction falls within both the enumerated felony clause and the elements clause. First, although Logan asserts that robbery is "not an enumerated offense," (Pet. 6), robbery is plainly listed as one of the enumerated offenses that constitute a "crime of violence." U.S.S.G. § 4B1.2 cmt. n.1. Even so, Logan's robbery conviction falls under the elements clause because the Ohio Supreme Court has explained that conviction under this statute requires the "implied threat to inflict physical harm"; thus, the threat of force is an element of the offense. *State v. Evans*, 122 Ohio St. 3d 381, 386, 389 (2009) (holding that robbery is the lesser included offense of aggravated robbery); *see also United States v. Robinson*, No. 1:01 CR 528, 2016 WL 2962229, at *2 (N.D. Ohio May 23, 2016) (holding that robbery under Ohio Rev. Code § 2911.02 constituted a "crime of violence").

With respect to the residual clause, the record, as it stands now, leaves open the question of whether the conduct to which Logan pled guilty "presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2 cmt. n.1. According to the Final Presentence Report, Logan committed the robbery by pulling out his shotgun and ordering the victims not to move—conduct that could have caused anyone nearby serious physical harm. (Final Presentence Report, ECF No. 18., at ¶ 32) However, the Sixth Circuit has held that "a presentence report is not a 'comparable judicial record' under *Shepard,* and thus may not properly be considered during a crime-of-violence inquiry. *See United States v. Wynn*, 579 F.3d 567, 575-77 (6th Cir. 2009) (vacated and remanded because there was no *Shepard*-approved document in the record indicating whether the prior felony was a "crime of violence"). In *Shepard*, the Supreme Court allowed an exception to the categorical approach in cases where the statutory definition of the offense underlying the defendant's prior conviction is ambiguous because it encompasses both violent and nonviolent conduct. Under this

6

exception, if the prior conviction was based on a plea, the court may consider 'the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual bases for the plea was confirmed by the defendant, or to some comparable judicial record of this information,' in order to determine whether the offense admitted to was a "crime of violence." *U.S. v. France*, 394 F. App'x 246, at *2 (6th Cir. 2010) (quoting *Shepard*, 544 U.S. 13, 26 (2005)) (internal citations omitted). Here, in the absence of the Final Presentence Report, there is no other *Shepard*-approved document in the record for the court to rely on in determining whether the conduct of the robbery to which Logan pled guilty constitutes a "crime of violence." However, such a determination is not necessary with respect to Logan's prior robbery offense. As discussed above, robbery is both an enumerated felony offense, and it has been held sufficient to meet the requirements of the elements clause under § 4B1.2. Thus, the court finds that Logan's prior robbery conviction constitutes a "crime of violence," and it was properly relied on in determining Logan's sentence.

## 2. Sexual Battery

Logan similarly argues that his sexual battery conviction, under Ohio Rev. Code § 2907.03, cannot constitute a qualifying "crime of violence" because it is not an enumerated felony offense and its divisible elements do not necessarily involve the use or threatened use of physical force. Again, Logan relies on his *Johnson* claim to argue that this conviction cannot fall under the residual clause. As discussed above, *Johnson* is not applicable to the residual clause of the Guidelines in light of *Beckles*. However, Logan is correct that the Sixth Circuit has held that a generic conviction under Ohio Rev. Code § 2907.03 is not an enumerated crime under § 4B1.2(a) and is not categorically a "crime of violence." *United States v. Wynn*, 579 F.3d 567, 572–74 (6th Cir. 2009) (explaining that

7

"some subsections of § 2907.03 can result in convictions for crimes that, while involving purposeful behavior, do not involve aggressive and violent behavior.") Thus, the only way in which Logan's prior sexual battery conviction qualifies as a "crime of violence" is if it falls under the residual clause by a showing that the factual conduct to which Logan pled guilty could have caused anyone nearby serious physical harm. *Id.* at 572. Here, the only potential *Shepard*-approved document currently in the record is the journal entry from the Summit County Court of Common Pleas, where Logan pled guilty to the sexual battery offense. (§ 2255 Petition, Ex. A, at 1.) However, as Logan has asserted, the journal entry does not indicate to which subsection of § 2907.03 Logan pled guilty. Thus here, as with the robbery conviction, there is no way for the court to determine from the record, absent reliance on the Final Presentence Report, whether the conduct underlying Logan's prior sexual battery conviction constitutes a "crime of violence." Accordingly, Logan's sexual battery offense may not serve as a predicate offense for the purpose of sentencing under § 4B1.2.

### 3. Abduction

Although Logan's sexual battery conviction may not serve as a predicate offense for the career offender enhancement, Logan's sentence must still stand. The court may rely on either sexual battery or abduction to constitute a sentence-enhancing "crime of violence" under the Guidelines, though not both. Abduction is clearly not an enumerated offense under U.S.S.G. § 4B1.2 cmt. n.1. However, the Sixth Circuit has held that, although the crime of abduction could conceivably be violated in a nonviolent manner, Ohio Rev. Code § 2905.02 "clearly targets conduct that represents a serious risk of physical injury to another" under the residual clause of U.S.S.G. § 4B1.2(a). *See United States v. Westerfield*, 284 F. App'x 315, 322 (6th Cir. 2008), *rev'd on other grounds,*

55 U.S. 1163 (2009).[3] As a result, it is not necessary for the court to look beyond the statutory definition of that offense to *Shepard*-approved materials. Accordingly, Logan's prior abduction offense constitutes a "crime of violence" under the residual clause of the Guidelines and may serve as the basis for his qualification as a career offender.

### D. Ineffective Assistance of Counsel

Finally, Logan argues that his trial counsel provided ineffective assistance by failing to raise a challenge to Logan's status as a career offender under *Johnson*. (§ 2255 Petition 15-17.) Logan's claim fails because he is unable to satisfy either of the requirements under *Strickland*. Logan cannot show that his trial counsel's performance was objectively deficient, nor that he was prejudiced by any error because, as the *Beckles* Court held, *Johnson* is inapplicable to the career-offender provisions of the Guidelines. *See Beckles*, 137 S. Ct. at 894; *see also Burgess v. Booker*, 528 F. App'x 416, 433 (6th Cir. 2013) (holding that the failure to raise claims on direct appeal will not constitute ineffective assistance if the claims made by petitioner on collateral review are meritless). Accordingly, Logan is not entitled to relief on this ground.

### IV. CONCLUSION

For the foregoing reasons, the court hereby denies Logan's § 2255 Petition (ECF No. 1 in Case No. 5:16 CV 1474; ECF No. 29 in Case No. 5:14 CR 415.) Further, the court finds that no

---

[3] Other courts in this district have recently held that abduction under the Ohio statute cannot constitute a predicate offense under ACCA post-*Johnson* given the now invalidated residual clause. *See e.g.*, *United States v. McBee*, Case No. 1:07-CR-362, 2017 WL 2378086, slip op. at *2 (N.D. Ohio Jun. 1, 2017) (Adams, J.); *United States v. Pruitt*, Case Nos. 1:04-CR-489, 1:15-CV-02452, 2017 WL 35905, slip op. at *2 (N.D. Ohio Jan. 25, 2017) (Gwin, J.). However, for the purpose of determining predicate offenses under the residual clause of U.S.S.G. §4B1.2, *Westerfield* still controls in light of *Beckles*.

9

jurist of reason would find this court's decision to deny Logan's § 2255 Petition debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

                                              /S/ SOLOMON OLIVER, JR.
                                              UNITED STATES DISTRICT JUDGE

September 25, 2017